UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIDNEY C. DAVIS )<br>7908 Veltri Drive )<br>Fort Washington, Maryland 20744, )<br>)<br>Defendant ) | DCDC 342-72<br>WBB |

### DEFENDANT'S MOTION TO EXPUNGE CRIMINAL RECORD

For the reasons set forth in the accompanying Memorandum, Sidney C. Davis moves to expunge his criminal record in DCDC 342-72 WBB.

                                                            BRUCE L. MONTGOMERY
                                                            Arnold & Porter LLP
                                                            555 Twelfth Street, N.W.
                                                            Washington, D.C. 20004
                                                            (202) 942-5679
                                                            Counsel for Sidney C. Davis
                                                            Bar No. 9043

Dated: 10/28/05

RECEIVED

OCT 28 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIDNEY C. DAVIS )<br>7908 Veltri Drive )<br>Fort Washington, Maryland 20744, )<br>)<br>Defendant ) | DCDC 342-72<br>WBB |

MEMORANDUM IN SUPPORT OF
MOTION TO EXPUNGE CRIMINAL RECORD

Sidney C. Davis, (date of birth, 5/13/46; SSN 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), has moved to expunge his criminal record relating to his 1971 conviction in the District of Columbia for first degree murder. Enclosed are character references and supporting materials showing that Mr. Davis is truly a rehabilitated individual whose life, faith, and service to the community are not only respectable, but exceptional.

Mr. Davis has been paroled and promoted to "inactive" supervision status, but remains on parole status under the technical supervision of the Attorney General. Because expungement of his criminal record may be an unusual procedure, we explain below why it would be appropriate to take that action in Mr. Davis' case.

BACKGROUND

Mr. Davis was convicted of murder in the first degree in the Federal District Court for the District of Columbia in 1971. He received a sentence of twenty years to

life. He served twenty-one years of his sentence and was paroled on November 12, 1992. Mr. Davis served his sentence and subsequent parole under the supervision of the District of Columbia Department of Corrections. He is thus currently under the jurisdiction of the District of Columbia Board of Parole as opposed to the United States Parole Commission.

Mr. Davis exhibited excellent behavior throughout his twenty-one year prison term. He earned both his high school and college degrees while in prison and was furloughed prior to his parole. The District of Columbia Board of Parole granted him parole on November 12, 1992. On September 11, 1995, the Board promoted Mr. Davis to "Inactive Supervision" status – the lowest level of correctional supervision allowed by District of Columbia Municipal Regulations. Since his release from prison, Mr. Davis has been continuously and gainfully employed and actively involved in community service. His record of continuing training shows that he continues to avail himself of opportunities to develop his skills and knowledge to better execute his duties and meet his personal goal of serving his community. Attached as Exhibit A is Mr. Davis' Affidavit outlining some of the activities he has undertaken since his parole.

INACTIVE SUPERVISION STATUS

Because he served his sentence under the District of Columbia Department of Corrections, Mr. Davis is subject to the parole and release regulations of the District instead of the corresponding federal regulations to which he would otherwise be subject given his federal conviction. With one key exception, the District of Columbia parole and release regulations are substantially the same as the corresponding federal regulations. However, whereas the federal regulations allow for "early termination" of parole prior to completion of the maximum sentence, District regulations do not provide

for such early termination. Rather, under similar circumstances, the District regulations allow for the Board of Parole to release a parolee from 'active" supervision, but require the parolee to remain under the "custody of the Attorney General" and "the jurisdiction of the [Parole] Board." D.C. Mun. Regs. tit. 28 § 215.4 (1987).[1] Thus, even though promotion to inactive supervision status effectively relieves the parolee of some of the burdens associated with parole status, the individual technically remains on parole until the maximum sentence period is completed. Mr. Davis can never be removed from parole status under this system because his maximum sentence is life. In addition, under the Pardon Attorney's general rule that persons on parole are not eligible for a pardon, Mr. Davis would never be eligible to apply for a pardon. Because both federal regulations and those of many other states would allow for termination of parole in Mr. Davis' situation, we believe that the remedy of expungement, while unusual, is appropriate in this case. Expungement is a remedy entrusted entirely to the discretion of the court. Livingston v. United States Department of Justice, 759 F.2d 24, 78 (D.C. Cir. 1985); Doe v. Webster, 606 F.2d 1226 (D.C. Cir. 1979).

---

[1] Compare D.C. Mun. Regs. tit. 28 ch. 1, 2 (1987), with 28 C.F.R. §§ 1, 2 (1997). Both the federal and District parole provisions require substantial observance of institutional rules, a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that parole release not be incompatible with the welfare of society. D.C. Mun. Regs. tit. 28 § 200.1 (1987); 28 C.F.R. § 2.18 (1997). Both jurisdictions use similar "Salient Factor Score" methods for determining the suitability of parole in a given situation. Both systems consider substantially the same factors in similar ways. See D.C. Mun. Regs. tit. 28 § 204 (1987); 28 C.F.R. § 2.20 (1997). Chapter 2 of the District regulations even follows the basic layout of 28 C.F.R. § 2, with the "release from supervision" language occurring in the same relative place as the "early termination" provision in the federal regulations. See D.C. Mun. Regs. tit. 28 § 215 (1987); 28 C.F.R. § 2.43 (1997). Thus, where the C.F.R. provides for early termination, the District regulations allow only for "release from supervision." Indeed, the behavior required for promotion to inactive status is basically the same as the behavior required for early termination under the federal regulations, with minor variances in minimum time requirements.

The Model Penal Code states that after "satisfactory completion of the minimum parole term," where "a parolee does not require guidance and supervision, the Board may dispense with or terminate such supervision . . . or discharge him from parole." Model Penal Code § 305.11, 12 (1974). The Federal Government, as well as numerous states including North Carolina, New York, Arizona, Kansas, Delaware, and Missouri, have followed this model provision by allowing early termination or discharge from parole. The District of Columbia has closely followed the Model Penal Code provisions, but retained technical jurisdiction over qualifying parolees.[2] With the exception of the retention of jurisdiction, there is virtually no substantive difference between the District regulations and the federal regulations or the laws of other states.

If Mr. Davis had served his federal criminal sentence under federal supervision, he would most likely have already qualified for early termination. The basic requirements that he has satisfied to achieve inactive status – compliance with parole conditions and responsible behavior in the community – are essentially the same as the requirements for early termination under the federal regulations. Although the minimum supervision time requirements set out in the federal regulations vary from the requirements for inactive status in the District, the federal requirements would be easily met in Mr. Davis' case. Under the Federal regulations, early termination is recommended after three years of incident free supervision for even "high risk" parolees. After five years of supervision, termination is *required* unless there is a likelihood that the parolee

---

[2] It is worth noting that states following the District of Columbia's no-termination approach have the option of tailoring their state executive pardon process to accommodate that approach. In those situations, which presumably involve state convictions, the Presidential Pardon requirements are irrelevant. This not the case for the District of Columbia, where no executive pardon other than the President's is available.

will engage in violent conduct. 28 C.F.R. § 2.43(c)(1) (1997). Mr. Davis poses no such risk of violent behavior. He has been on parole for over thirteen years, and has become a model citizen involved in improving his community. Accordingly, Mr. Davis would satisfy the federal requirements for early termination of parole.

The inconsistency between the federal and District regulations, along with the unavailability of a non-federal executive pardon in the District of Columbia, places Mr. Davis in an unusual predicament. Presumably, most prisoners convicted of federal crimes serve their sentences under federal jurisdiction, are subject to federal prison and parole regulations, and receive the benefit of the early termination rule. Mr. Davis does not fall into this category. Had he been convicted in a state as opposed to the District, Mr. Davis would have been subject to state prison and parole regulations (which may or may not have allowed early termination), but he would also have had state executive clemency available to him. However, given Mr. Davis' situation, his only avenue for clemency was to apply for a Presidential Pardon. However, the policy of the Office of Pardon Attorney is against granting pardon to parolees. Therefore, Mr. Davis' applications for a Presidential Pardon have been unavailing.

CONCLUSION

Mr. Davis was released from prison on good behavior more than thirteen years ago. He has been essentially free from any correctional monitoring or supervision for more than ten years. He has remained gainfully employed since his parole, and he makes significant contributions to improving his community. In sum, he is a reformed and rehabilitated man. Yet, because of the unusual procedural circumstances, he has no way

to end his continued status as a parolee, and cannot be restored to his full civil rights. We therefore urge that his Motion to Expunge his criminal record be granted.

*[signature: Bruce L. Montgomery]*
Bruce L. Montgomery
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5679
Counsel for Sidney C. Davis
Bar No. 9043

Dated: 10/28/05