FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY 23 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. 342-72 (TFH) |
| | ) |
| SIDNEY C. DAVIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Expunge Criminal Record. In support of this Motion, Defendant argues that because he has demonstrated exceptional rehabilitation and service to the community since he was paroled and because of his unusual parole status and the resulting consequences, the Court should exercise its authority and expunge the criminal records of his 1971 conviction for first-degree murder. Upon careful consideration of Defendant's motion and the entire record herein, the Court will deny Defendant's motion.

## I. BACKGROUND

Sidney Davis was convicted of first degree murder in the Federal District Court for the District of Columbia in 1971, receiving a sentence of twenty years to life. After serving twenty-one years of his sentence, he was paroled on November 12, 1992. Davis remains on parole, but is currently at "inactive" supervision status due to good behavior. Though convicted in federal court, he served his sentence with the District of Columbia Department of Corrections, and is therefore subject to D.C. parole and release regulations rather than federal regulations. Whereas federal regulations allow for "early termination" of parole if the parolee has complied with his parole conditions and exhibited responsible behavior in the community, D.C. regulations require a parolee to remain on parole until the maximum sentence period is completed. Because his

maximum sentence was life, Davis can never be removed from parole status under D.C. regulations, though he likely would have been eligible for such a removal under federal regulations.

While in prison, Davis earned both high school and college degrees. Since his release, Davis has been continuously employed and actively involved in community service. He is currently employed by the Washington Area Metropolitan Transit Authority as a bus driver, and heads "Solutions VII," a non-profit organization "dedicated to the reduction of violence and the strengthening of families, particularly families impacted by incarceration or who have very low incomes."

According to Davis, he seeks expungement of his criminal record in order to be able to enter various prisons to work with the inmates and staff on public safety and character development. Currently, prison rules prevent him from doing so because of his parole status. He also seeks expungement in order to obtain the reinstatement of his teacher's license and to be able to serve on a jury, both of which he is prevented from doing due to his parole status.

## II. DISCUSSION

In support of his motion, Davis avers that he is "truly a rehabilitated individual whose life, faith, and service to the community are not only respectable, but exceptional." There is no reason to believe that Davis is not rehabilitated. In support of his motion, he offers ample documentation of his dedication and service to the community, including letters from two former mayors and a council member of the District of Columbia, numerous certificates of achievement and appreciation, and several lengthy letters attesting to Davis's character. This rehabilitation, he

claims, along with his unusual predicament of having parolee status for life, would justify this Court in taking the unusual step of expunging his criminal record.

The Court, while not unsympathetic to Defendant's dilemma as represented by him, can find no basis for expunging his criminal record. The Defendant has cited no statutory authority for expunging his conviction, and the Court is aware of none. See Doe v. Webster, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction.").

Further, while it is well settled that this Court has inherent, equitable expungement power, Defendant has failed to make the showing required for the Court to exercise that power. See Livingston v. United States Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Webster, 606 F.2d at 1230. Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the "remedy is necessary and appropriate in order to preserve basic legal rights." Livingston, 759 F.2d at 78.

"The general rule . . . is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." Webster, 606 F.2d at 1231; see also United States v. Benlizar, 459 F. Supp. 614, 623-25 (D.D.C. 1978) (expungement of arrest and conviction records appropriate due to serious government misconduct in procuring an illegal conviction). "[R]elief usually is granted only in 'extreme circumstances,'" the finding of which requires a "balancing of the equities between the right of

3

privacy of the individual and the right of law enforcement officers to perform their necessary duties." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (citations omitted).

While the Court credits Defendant's assertion that his criminal record affects his ability to engage in certain civic opportunities and affects his employment opportunities, this harm is insufficient to outweigh the government's interests in maintaining the records because Defendant has provided no evidence that he was not properly arrested and convicted of the offense contained in his record. Because there are no unusual or exceptional circumstances alleged here, whether by way of governmental misconduct or otherwise, Plaintiff's case fails to meet the general test set forth in Livingston and Webster. See Webster, 606 F.2d at 1231. Davis fails to cite any violations of his constitutional rights or misconduct on the part of the government, and concedes the validity of his conviction. A conviction for first-degree murder - indeed, a conviction for any crime - is a serious matter, and often carries with it collateral consequences like those Davis presently suffers. The mere existence of those consequences, even when taken in combination with exemplary rehabilitation, does not rise to the level of the extreme or exceptional circumstances necessary to justify the expungement of records of a valid criminal conviction absent a showing of some rights violation. Davis argues that he is placed in a peculiar predicament because of the attendant procedural circumstances that place him in parolee status for life. Despite this somewhat anomalous treatment, Davis claims no right or entitlement to any procedure in relation with his parole. In essence, his plea to the Court is that equity compels that he be treated as he would have been treated had he not been placed in the care of the District of Columbia Department of Corrections. This does not rise to the level of the affirmative violation

or deprivation of "basic rights" that previous cases have required in order to expunge criminal records. *See e.g.*, Benlizar, 459 F. Supp. 614 (D.D.C. 1978).

### III. CONCLUSION

For the foregoing reasons, this Court will deny Defendant's Motion to Expunge Criminal Record. An appropriate order will accompany this opinion.

May 22, 2006

_____
Thomas F. Hogan
Chief Judge